# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **WILLIE MOODY, JR.,** individually, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No. _____ ) |
| **THEOPHILUS HAWTHORNE, SR.** an individual, | ) ) ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff WILLIE MOODY, JR. (hereinafter "MOODY" or "Plaintiff") hereby sues Defendant, THEOPHILUS HAWTHORNE, SR., an individual, (hereinafter "Defendant") for injunctive relief, attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* (hereinafter "ADA"), and the ADA Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter "ADAAG").  In support thereof, Plaintiff respectfully shows this Court as follows:

## JURISDICTION AND PARTIES

1.  This is an action for declaratory and injunctive relief pursuant to Title III of the ADA.  This Court is vested with original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C.

§ 12181 *et seq.*, based upon Defendant, THEOPHILUS HAWTHORNE, SR.'s, failure to remove physical barriers to access and violations of Title III of the ADA.

2.      Venue is properly located in the Northern District of Alabama pursuant to 28 U.S.C. § 1391(b) because venue lies in the judicial district of the property situs or the judicial district in which a substantial part of the events or omissions giving rise to Plaintiff's claims occurred.  The Defendant's property is located in and does business within this judicial district and all events giving rise to this lawsuit occurred in this judicial district.

3.      Plaintiff, WILLIE MOODY, JR. is an Alabama resident individual. Plaintiff is sui juris and qualifies as an individual with disabilities as defined by the ADA.  Plaintiff utilizes a wheelchair for mobility due to permanent spinal damage sustained when he was wounded while serving his country in the United States Army.  Plaintiff's condition is one that constitutes a physical impairment which impacts and substantially limits the major life activity of walking and having complete use of his extremities and as such is a qualified disability under the ADA.

4.      Plaintiff is also an independent advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of enforcing Plaintiff's civil rights, monitoring, determining and ensuring whether places of public accommodation are in compliance with the ADA.  Plaintiff's motivation to return to a location, in part, stems from a desire to utilize ADA litigation to make areas that

the he frequents more accessible for Plaintiff and others; and pledges to do whatever is necessary to create the requisite standing to confer jurisdiction upon this Court so an injunction can be issued correcting the numerous ADA violations on the Subject Property, including returning as soon as it is accessible ("Advocacy Purposes").

5. Defendant, THEOPHILUS HAWTHORNE, SR., is an individual registered to do business and, in fact, is conducting business in the State of Alabama and within this judicial district.

## FACTUAL ALLEGATIONS

6. On multiple prior occasions and as recently as December of 2019, Plaintiff attempted to but was deterred from patronizing and/or gaining equal access as a disabled patron, to the strip shopping center with tenant spaces located at 2424 (TitleMax), 2426 (Face's Barber and Beauty Salon), 2428 (Happy Nails), and 2430 (State Farm) Green Springs Highway, Birmingham, AL 35209 ("Subject Facility", "Subject Property").

7. THEOPHILUS HAWTHORNE, SR., is the owner, lessor, and/or operator/lessee of the real property and improvements that are the subject of this action, specifically the strip shopping center with tenant spaces located at 2424, 2426, 2428, and 2430 Green Springs Highway, Birmingham, and its attendant facilities, including common vehicular parking and exterior paths of travel within

the site identified by the Jefferson County Tax Assessor's parcel identification number 29 00 14 2 002 014.000 ("Subject Facility", "Subject Property").

8. Plaintiff resides in Montgomery, Alabama and frequently travels to and spends time in the Birmingham, Alabama area as he receives treatment for his disability related medical conditions there. He also routinely and frequently makes day and overnight trips to Birmingham to visit with his immediate family that reside in Birmingham, including his daughter who lives less than three (3) miles from the Subject Property.

9. Plaintiff's access to the Subject Property and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of his disabilities, and he will be denied and/or limited in the future unless and until Defendant, THEOPHILUS HAWTHORNE, SR., is compelled to remove the physical barriers to access and correct the ADA violations that exist at the Subject Property, including those set forth in this Complaint.

10. Plaintiff has visited, and/or attempted to patronize the Subject Property on multiple prior occasions, and at least once before as a patron and advocate for the disabled. Plaintiff intends on revisiting the Subject Property within six months of the filing of this Complaint or sooner, as soon as the barriers to access detailed in this Complaint are removed. The purpose of the revisit is to be a regular patron, to

determine if and when the Subject Property is made accessible, and to maintain standing for this lawsuit for Advocacy Purposes.

11.     Plaintiff intends on revisiting the Subject Property as a regular patron to enjoy the same experiences, goods, and services available to Defendant's non-disabled patrons as well as for Advocacy Purposes, but does not intend to continue to repeatedly re-expose himself to the ongoing barriers to equal access and engage in the futile gesture of attempting to patronize the Subject Property, a business of public accommodation known to Plaintiff to have numerous and continuing barriers to equal access for wheelchair users.

12.     Plaintiff recently traveled to the Subject Property as a patron and as an independent advocate for the disabled, encountered and/or observed the barriers to access that are detailed in this Complaint, engaged those barriers where physically possible, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to equal access present at the Subject Property.

## COUNT I

13.     The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

14. The Subject Property is a public accommodation and service establishment.

15. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

16. Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq.*; 28 C.F.R. § 36.508(a).

17. The Subject Property must be, but is not, in compliance with the ADA and the ADAAG.

18. Plaintiff has attempted to, and has to the extent possible, accessed the Subject Property in his capacity as an intended patron and as an independent advocate for the disabled, but could not fully do so because of his disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at the Subject Property that preclude and/or limit his access to the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

19. Plaintiff intends to revisit the Subject Property again in the very near future as a patron and as an independent advocate for the disabled, in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at the Subject Property but will be unable to fully do so because of his disability and the physical barriers to access, dangerous conditions and ADA violations that exist at the Subject Property that preclude and/or limit his access to the Subject Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

20. Defendant, THEOPHILUS HAWTHORNE, SR., has discriminated against Plaintiff (and others with disabilities) by denying his access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Subject Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

21. Defendant, THEOPHILUS HAWTHORNE, SR., will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant, THEOPHILUS HAWTHORNE, SR., is compelled to remove all physical barriers that exist at the Subject Property, including those specifically set forth herein, and make the Subject Property accessible to and usable by Plaintiff and other persons with disabilities.

22. A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed that precluded and/or limited Plaintiff's access to the Subject Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of the Subject Property include, but are not limited to:

### ACCESSIBLE PARKING

a. There is no van accessible parking present designated as such with upright signage in violation of Section 4.6 of the 1991 ADAAG and Section 502 of the 2010 ADAAG. This violation made it dangerous Plaintiff to utilize the parking facility at the Subject Property and caused Plaintiff undue upset and loss of opportunity.

b. The accessible parking space is not level and has areas of pitted and/or broken pavement because of Defendant's practice of failing to inspect and maintain the parking surface in violation of 28 CFR § 36.211, Sections 4.5.1 and 4.6.3 of the 1991 ADAAG and Sections 302 and 502.4 of the 2010 ADAAG. These violations made it dangerous for Plaintiff to utilize the parking facility at the Subject Property and caused Plaintiff undue upset and loss of opportunity.

c. The access aisle serving the designated accessible parking space is not level and has areas of pitted and/or broken pavement because of Defendant's practice of failing to inspect and maintain the parking surface in violation of 28 CFR § 36.211, Sections 4.5.1 and 4.6.3 of the 1991 ADAAG and Sections 302 and 502.4 of the 2010 ADAAG. These violations made it dangerous for Plaintiff to utilize the parking facility at the Subject

Property and caused Plaintiff undue upset and loss of opportunity.

### ACCESSIBLE ROUTES/RAMPS

d. There is no accessible route at the Subject Property connecting the designated accessible parking to any of the tenant space entrances in violation of Section 4.3.2 of the 1991 ADAAG and Section 206.2.2 of the 2010 ADAAG. This violation prevented access to the Plaintiff and caused Plaintiff undue upset and loss of opportunity.

e. The path of travel from the designated accessible parking to the curb ramp to the State Farm tenant space entrance has unpermitted changes in level in violation of Section 4.3.8 of the 1991 ADAAG and Section 403.4 of the 2010 ADAAG. This violation prevented access to the Plaintiff and caused Plaintiff undue upset and loss of opportunity.

f. The transition at the top of the curb ramp to the State Farm tenant space entrance is unbeveled with abrupt vertical changes in level which exceed ¼ inches in violation of Sections 4.3 and 4.5.2 of the 1991 ADAAG and Section 403 of the 2010 ADAAG and said accessible features are not being maintained by Defendant in violation of 28 CFR § 36.211. These violations prevented access to the Plaintiff and caused Plaintiff undue upset and loss of opportunity.

g. The curb ramp to the State Farm tenant space entrance (the only means of access to wheelchair users) has a run which exceeds the maximum slope requirement (8.33%) set forth in Section 4.7.2 of the 1991 ADAAG and Section 406.1 of the 2010 ADAAG. This violation

prevented access to the Plaintiff and caused Plaintiff undue upset and loss of opportunity.

h. The curb ramp to the State Farm tenant space entrance (the only means of access to wheelchair users) has a run with a cross slope which exceeds 2.08%, the maximum cross slope requirement set forth in Section 4.7.2 of the 1991 ADAAG and Section 406.1 of the 2010 ADAAG. This violation prevented access to the Plaintiff and caused Plaintiff undue upset and loss of opportunity.

i. The shared curb ramp to the Happy Nails, Face's Barber and Beauty Salon, and TitleMax tenant space entrances (the only means of access to these tenant spaces for wheelchair users) has a run which exceeds the maximum slope requirement (8.33%) set forth in Section 4.7.2 of the 1991 ADAAG and Section 406.1 of the 2010 ADAAG. This violation prevented access to the Plaintiff and caused Plaintiff undue upset and loss of opportunity.

j. The pedestrian route on the storefront curb of the Subject Property between the Face's Barber and Beauty Salon tenant space and the Happy Nails tenant space has a slope in excess of 1:20, a total rise greater than six (6) inches, as such it is considered a ramp and subject to the requirements for accessible ramps yet does not have handrails that comply with Section 4.26 of the 1991 ADAAG and Section 505 of the 2010 ADAAG on both sides of the run. This is a violation of Section 4.8.5 of the 1991 ADAAG and Section 405.8 of the 2010 ADAAG. This violation prevented access to the Plaintiff and caused Plaintiff undue upset and loss of opportunity.

k. The pedestrian route on the storefront curb of the Subject Property between the Face's Barber and Beauty Salon tenant space and the Happy Nails tenant space has a slope in excess of 1:20, as such it is considered a ramp and subject to the requirements for accessible ramps yet has a running slope which exceeds the maximum slope requirement (8.33%) set forth in Section 4.7.2 of the 1991 ADAAG and Section 406.1 of the 2010 ADAAG.  This violation prevented access to the Plaintiff and caused Plaintiff undue upset and loss of opportunity.

## MAINTENANCE PRACTICES

l. Defendant has a practice of failing to maintain the accessible features of the facility, creating barriers to access for the Plaintiff, as set forth herein, in violation of 28 CFR § 36.211.  This practice prevented access to the Plaintiff equal to that of Defendant's able-bodied customers causing Plaintiff danger, anxiety, humiliation and/or embarrassment.

m. Defendant has a practice of failing to maintain the accessible elements at the Subject Facility by neglecting its continuing duty to review, inspect, and discover transient accessible elements which by the nature of their design or placement, frequency of usage, exposure to weather and/or other factors, are prone to shift from compliant to noncompliant so that said elements may be discovered and remediated. Defendant failed and continues to fail to alter its inadequate maintenance practices to prevent future recurrence of noncompliance with dynamic accessible elements at the Subject Facility in violation of 28 CFR § 36.211, the 1991 ADAAG, and the 2010 ADAAG. These violations, as set forth hereinabove, made it impossible for Plaintiff to experience the same access

       to the goods, services, facilities, privileges, advantages and accommodations of the Subject Facility as Defendant's able-bodied patrons and caused his danger, anxiety, embarrassment and/or humiliation.

    n. Defendant has failed to modify its discriminatory maintenance practices to ensure that, pursuant to its continuing duty under the ADA, the Subject Property remains readily accessible to and usable by disabled individuals, including Plaintiff, as set forth herein, in violation of 28 CFR § 36.302 and 36.211.  This failure by Defendant prevented access to the Plaintiff equal to that of Defendant's able-bodied customers causing Plaintiff danger, anxiety, humiliation and/or embarrassment.

23.    The discriminatory violations described above are not an exhaustive list of the Defendant's current barriers to equal access and violations of the ADA because Plaintiff was unable to access and assess all areas of the subject premises due to the architectural barriers encountered.  A complete list of the subject location's ADA violations affecting the Plaintiff as a wheelchair user, and the remedial measures necessary to remove same, will require an on-site inspection by Plaintiff's representatives pursuant to Federal Rule of Civil Procedure 34.  Once the Plaintiff personally encounters discrimination, as alleged above, or learns of discriminatory violations through expert findings of personal observation, he has actual notice that the Defendant does not intend to comply with the ADA

24.    The Defendant has a practice of failing to maintain the accessible

elements at the Subject Property by neglecting his continuing duty to review, inspect, and discover transient accessible elements which by the nature of their design or placement, frequency of usage, exposure to weather and/or other factors, are prone to shift from compliant to noncompliant, so that said elements are discovered and remediated. Defendant failed and continues to fail to alter his inadequate maintenance practices to prevent future recurrence of noncompliance with dynamic accessible elements at the Subject Property in violation of 28 CFR §§ 36.202 and 36.211. These violations, as referenced hereinabove, made it impossible for Plaintiff, as a wheelchair user, to experience the same access to the goods, beverages, services, facilities, privileges, advantages and accommodations of the Subject Property as Defendant's able-bodied patrons.

25. Accessible elements at the Subject Property have been altered and/or constructed since 2010.

26. The foregoing violations are violations of the 1991 ADAAG, and the 2010 ADAAG, as adopted by the U.S. Department of Justice. In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

27. The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried

out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

28.     Each of the violations alleged herein is readily achievable to modify to bring the Subject Property into compliance with the ADA.

29.     Removal of the physical barriers and dangerous conditions present at the Subject Property is readily achievable because of the site conditions at the Subject Property, the structural design of the subject facility, and the straightforward nature of the necessary modifications.

30.     To assist businesses in offsetting the costs associated with complying with the ADA and removing barriers to access for individuals with disabilities, Section 44 of the IRS Code provides a tax credit for small business owners, and Section 190 of the IRS Code provides a tax deduction for all business owners, including the Defendant.

31.     Removal of the physical barriers and dangerous conditions at the Subject Property is readily achievable because of the relative low cost of the necessary modifications and the Defendant has the financial resources to make the modifications, including the financial assistance made available to Defendant by the government pursuant to Section 44 and/or Section 190 of the IRS Code.

32.     By continuing to maintain and/or operate the Subject Property with discriminatory conditions in violation of the ADA, Defendant contributes to

Plaintiff's sense of isolation and segregation and deprives Plaintiff of the full and equal enjoyment of the goods, services, facilities, privileges, and accommodations available to able bodied individuals of the general public.

33. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for his places of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); additionally, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including people who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facilities were designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facilities must be readily accessible to and useable by individuals with disabilities as defined by the ADA. To date, Defendant has failed to comply with this mandate.

34. Plaintiff is without adequate remedy at law and is suffering irreparable harm and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant, THEOPHILUS HAWTHORNE, SR., is required to remove the physical barriers, dangerous conditions and ADA violations that exist at

the Subject Property, including those alleged herein. Considering the balance of hardships between the Plaintiff and Defendant, a remedy in equity is warranted.

35. Plaintiff's requested relief serves the public interest.

36. Plaintiff's counsel is entitled to recover its reasonable attorneys' fees and costs of litigation from Defendant, THEOPHILUS HAWTHORNE, SR., pursuant to 42 U.S.C. §§ 12188, 12205 and 28 CFR 36.505. Plaintiff will be denied full and equal access to the subject premises, as provided by the ADA unless the injunctive relief requested herein is granted.

37. Pursuant to 42 U.S.C. § 12188, this Court is vested with the authority to grant Plaintiff injunctive relief; including an Order to alter the Subject Facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the Subject Facilities until the requisite modifications are completed, and ordering Defendant to fulfill his continuing duty to maintain the accessible features at the premises in the future as mandated by 28 CFR 36.211.

WHEREFORE, the Plaintiff prays as follows:

A. That the Court find Defendant, THEOPHILUS HAWTHORNE, SR., in violation of the ADA and ADAAG;

B. That the Court enter an Order requiring Defendant, THEOPHILUS HAWTHORNE, SR., to (i) remove the physical barriers to access and (ii) alter the Subject Property to make the Subject Property readily accessible

      to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

C.      That the Court enter an Order directing Defendant, pursuant to 28 C.F.R. § 36.211, to fulfill its continuing duty to maintain and repair its accessible features and equipment in the future so that the facility remains accessible to and useable by individuals with disabilities in the future, to the full extent required by Title III of the ADA;

D.      That the Court enter an Order directing Defendant to implement and carry out effective policies, practices, and procedures to maintain and repair its accessible features and equipment in the future pursuant to 28 C.F.R. § 36.302 and 28 C.F.R. § 36.211.

E.      That the Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow them to undertake and complete corrective procedures;

F.      An award of attorneys' fees, costs (including expert fees), and litigation expenses pursuant to 42 U.S.C. § 12205;

G.      An award of interest upon the original sums of said award of attorney's fees, costs (including expert fees), and other expenses of suit; and

H.      Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated this the 4th day of February, 2020.

Respectfully submitted,

By: s/Amanda H. Schafner_____
    Amanda H. Schafner
    Bar Number: ASB 5509S54C
    Attorney for Plaintiff
    The Schafner Law Group, LLC
    P.O. Box 841
    Birmingham, AL 35201
    Telephone: (256) 490-3004
    Fax: (205) 847-5126
    E-Mail: ahschafner.law@gmail.com

**DEFENDANT TO BE SERVED:**

THEOPHILUS HAWTHORNE, SR.
2430 Green Springs Highway
Birmingham, AL 35205